1   Laura Molina
2   lauramolina@icloud.com
3   P. O. Box 713
4   Lake Hughes, California 93532-0713
5   (661) 724-0542
6   Plaintiff in Pro Per
7



FILED
CLERK, U.S. DISTRICT COURT

JAN  8 2012

CENTRAL DISTRICT OF CALIF
BY

8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10                                        CV12 - 10992 CAS (SHX)
11   LAURA MOLINA,                | CASE NO.
12                    Plaintiff,  |
13                                | **COMPLAINT FOR**
14           v.                   | **NEGLIGENCE, DECLARATORY**
                                  | **JUDGMENT, COMPENSATORY**
15                                | **DAMAGES AND INJUNCTIVE**
16   BBCN BANK AS SUCCESSOR FOR   | **RELIEF**
     INNOVATIVE BANK, U.S. SMALL  |
17   BUSINESS ADMINISTRATION;     |
18                                |
                    Defendants.   | Jury Trial Demanded
19

LODGED
CLERK, U.S. DISTRICT COURT

DEC 2 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

20
21                    **I.  JURISDICTION**
22
23      1.   This court has subject matter jurisdiction over this case pursuant to 28
24   U.S.C. § 1331, 28 U.S.C. §§ 2201-2202, 18 U.S.C. § 1031, 15 U.S.C. Chapter
25   14A and 5 U.S.C. §§ 701 - 706. Plaintiff alleges that an Executive Agency of the
26   United Sates Government has acted unreasonably, arbitrarily and capriciously,
27   and has violated a statute and/or regulation and denied the plaintiff due process of
28   law as guaranteed by the Fifth and Fourteenth Amendments to the United States

COMPLAINT FOR NEGLIGENCE, DECLARATORY
JUDGMENT, COMPENSATORY                    **1**
DAMAGES AND INJUNCTIVE RELIEF

1   Constitution under its jurisdiction and administrative authority in regard to its
2   oversight of a Small Business Administration lender.

3       2.   This court has subject matter jurisdiction over this case pursuant to 13
4   C.F.R. 120, 13 C.F.R. § 120.197 and 13 C.F.R. - Chapter 1 - Part 142 - Program
5   Fraud Civil Remedies Act Regulations in the matter of an Small Business
6   Administration loan guaranty purchase.

7       3.   This court has personal jurisdiction over defendant BBCN Bank,
8   who is situated in a corporation incorporated under the laws of California and is
9   headquartered in Los Angeles, California and under the oversight of the US Small
10  Business Administration in regards to their participation in the "Preferred Lender
11  Program".

12      4.   This court has personal jurisdiction over the Defendants named in this
13  action pursuant to California Code of Civil Procedure § 410.10.

14
15  ## II.  VENUE
16

17      5.   Venue is proper pursuant to 28 U.S.C. § 1391 (c). The defendant BBCN
18  Bank, successor of Innovative Bank of Oakland, California, is a corporation
19  incorporated under the laws of California and is headquartered in Los Angeles,
20  California.

21      6.   Venue is proper pursuant to 28 U.S.C. § 1391. The promissory note for
22  the plaintiff's unsecured Small Business Administration 7(a) Loan from BBCN
23  Bank's predecessor, Innovative Bank of Oakland, California was signed and
24  executed in the offices of Valley Economic Development Center in Van Nuys,
25  California.

26
27  ## III.  PARTIES
28

---

COMPLAINT FOR NEGLIGENCE, DECLARATORY
JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF

**2**

7.   At all times hereinafter mentioned, plaintiff, Laura Molina, was and still is a resident of Los Angeles County, California.

8.   Defendant BBCN Bank, successor of Innovative Bank, is a corporation incorporated under the laws of California and is headquartered in Los Angeles, California.

9.   Defendant U.S. Small Business Administration is an executive agency of the federal government.

## IV.   STATEMENT OF FACTS

10.   On May 3, 2007, the plaintiff, Laura Molina, sole proprietor of Chicano Art Magazine, received an unsecured Small Business Administration ("SBA") 7(a) Loan, number 2426555010 for $5000 from BBCN Bank's predecessor, Innovative Bank of Oakland, California through the bank's participation in the SBA's "Preferred Lender Program". This loan was brokered on behalf of the parties through SBA Technical Assistance Provider, Valley Economic Development Center ("VEDC"). The promissory note for this loan was signed and executed in the offices of VEDC in Van Nuys, California and the loan funds were disbursed to Ms. Molina by direct deposit.

11.   After her magazine business ceased publication, Lorenzo Flores, Deputy District Director of the Los Angeles office of the SBA, suggested Ms. Molina contact her lender for payment deferment options. January 2009, Innovative Bank's Collections Supervisor, Rosemary Williams-Snell, arranged a 3-month deferment on the principal with interest-only payments of $30. Automatically debited, regular payments of $72 were to resume on May 1, 2009.

12.   In response to a complaint Ms. Molina filed with the California Department of Financial Institutions ("DFI"), Innovative Bank Vice-President, David Chui, wrote her a letter dated May 13, 2009 ("Exhibit A"), allowing her

to use personal checks via United States Postal System to pay her loan after the bank's loan officers accessed her credit union checking account with 2 ACH debits that were not scheduled on the prior deferment agreement for the 1st day of the month. These ACH debits were credited back to Ms. Molina's checking account by Innovative Bank through a mutual agreement brokered by the DFI, to reverse the overdraft charges incurred from these unscheduled payments. On June 9, 2009, Ms. Molina mailed 2 checks to Mr. Chui for $37.92 and $77.92 to replace the ACH payment that were reversed. Without the plaintiff's knowledge or acceptance of any resolution that would make the loan delinquent, these reversals put the loan into a "past due" status. Mr. Chui sent a 2nd letter to Ms. Molina dated June 17, 2009, stating that the loan was "past due as of June 1, 2009", and giving no other details on the delinquency or any warning about a possible loan default.

13.   Ms. Molina discovered by the third week of June 2009, that the check payments she sent had not cleared her checking account. She was informed by her credit union that the checks issued to Innovative Bank were never presented for payment. After Ms. Molina left as many as 30 phone messages concerning the missing payments, she was told by Innovative Bank CEO Chong Kook Kim's assistant that David Chui no longer worked for the bank and her checks could not be located. The matter was referred to loan officer, Raymond Kwan. Mr. Kwan agreed to resume loan payments via bank debit if a facsimile for one of the missing checks was emailed to him. Ms. Molina did what Mr. Kwan requested with a 3rd check dated July 29, 2009, for $37.92 and asked to be notified immediately if there were further problems. Subsequently, the defendant's agent, Raymond Kwan, *did not* deduct the payments from Ms. Molina's checking account although he sent the plaintiff an email ("Exhibit B") verifying a payment processed on July 31, 2009.

14.   A "Final Notice Before Action" dated September 9, 2009 was received

COMPLAINT FOR NEGLIGENCE, DECLARATORY
JUDGMENT, COMPENSATORY                        **4**
DAMAGES AND INJUNCTIVE RELIEF

by Ms. Molina on September 14, 2009. Thereafter, Innovative Bank employees (with the sole exception of Raymond Kwan, who had no authority to resolve anything) refused to negotiate proposals for preventing the loan default nor would they arrange for any conveyance for payment on the past due balance with ACH debit, personal check, money order or credit card from the borrower, Ms. Molina. On September 24, 2009, the plaintiff phoned Mr. Kwan again about the missing payments and he claimed Ms. Molina needed to rescind an ACH block at her bank so he could debit the 2 previously reversed payments on her loan in an arrangement to fend off the impending default. A notice rescinding Ms. Molina's ACH block was sent to her bank on September 28, 2009. The defendant's agent Raymond Kwan *still* did not debit the payment and the lender rebuffed all efforts by Ms. Molina to rectify the situation by paying the past due balance.

15.   During the last weeks of September 2009, Ms. Molina sought assistance from the SBA Commercial Loan Service Center in Fresno California concerning incompetent, negligent and/or fraudulent business practices of Innovative Bank, concerning the impending guaranty purchase of her loan. Ms. Molina told Center Director Joel Stiner in a phone call that her lender was refusing, or failing to process payment for the past due balance and not responding to her calls or emails about the Final Notice Before Action. Director Stiner dismissed Ms. Molina's concerns, offered no practical assistance of any kind and denigrated her efforts to resolve the problem with the lender.

16.   October 2009, Innovative Bank processed Ms. Molina's SBA loan for guaranty purchase to the Small Business Administration.

17.   November 11, 2009, Ms. Molina received an email response from Joel Stiner's subordinate, Loan Specialist Michelle Serrano, dismissing any allegations of potential fraud/negligence by the lender and releasing an administrative hold on the guaranty purchase. Michelle Serrano stated in this email: *"after a thorough review of all your submitted documents and with my conversations with the bank,*

1   *I have determined that no evidence exists to indicate that Innovative Bank has not*
2   *serviced your loan in accordance with SBA servicing rules."*

3          18.   October 29, 2009, Ms. Molina sought a remedy by filing a second
4   complaint against Innovative Bank with the DFI. Ms. Molina retained legal
5   counsel and on December 10, 2009, Innovative Bank's legal counsel, Gary R.
6   Fertig notified Ms. Molina's counsel, James P. Segall-Guiterrez, that Innovative
7   Bank would accept the past due amount of $568.78, retrieve her loan from the
8   SBA Treasury Offset Department and resume making ACH deductions from her
9   checking account; this offer had a 14-day time limit and was not communicated to
10  Ms. Molina by her counsel in a timely manner. When Ms. Molina's counsel failed
11  to follow up as promised, she dismissed him as her representative in March 2010.

12         19.   November 2009, Ms. Molina informed the Small Business
13  Administration Office the Inspector General ("SBA-OIG") in complaint number:
14  20100067 about possible fraud concerning her loan default. Ms. Molina received
15  a phone call from Daniel Sanchez, Special Agent in Charge of the SBA-OIG,
16  Western Region on December 29, 2009. Agent Sanchez notified Ms. Molina
17  that Innovative Bank was under investigation by the SBA-OIG for lender fraud
18  concerning "forced technical defaults" on its SBA borrower's loans and requested
19  she keep her knowledge of the investigation confidential. Agent Sanchez and
20  others at the SBA and SBA-OIG implied that their investigation of Innovative
21  Bank could, or would have lead to a remedy on behalf of a group of SBA borrowers
22  including Ms. Molina.

23         20.   After receiving an SBA "Treasury Offset Action Notice", Ms.
24  Molina spoke with Lance Sexton, Deputy Director of the Little Rock Commercial
25  Loan Service Center on December 16, 2009 about problems with the default and
26  guaranty purchase of her loan and was offered no assistance. On January 7, 2010,
27  Ms. Molina spoke with Sherrill Alexander in the Birmingham Loan Servicing
28  Center concerning payment arrangements on the loan balance and referred her

COMPLAINT FOR NEGLIGENCE, DECLARATORY
JUDGMENT, COMPENSATORY                          **6**
DAMAGES AND INJUNCTIVE RELIEF

to Supervisory Loan Specialist, Carla Donaldson. Ms. Molina was advised by Sherrill Alexander to *"Have the SBA-OIG investigator inform Carla Donaldson of SBA Treasury Offset Department about the investigation."* Both Lance Sexton and Sherrill Alexander failed to advise Ms. Molina of the 60-day deadline for a "Review of The Debt" available to her as noticed in the letter accompanying the Treasury Offset Action Notice.

21.   On April 16, 2010, Innovative Bank was closed by the DFI, and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver. The FDIC entered into a purchase and assumption agreement with Center Bank, Los Angeles, California and they assumed Innovative Bank's assets and liabilities including servicing of their SBA loans. (Center Bank merged with defendant BBCN Bank in December 2011) Immediately subsequent to Innovative Bank's closure by the FDIC, Ms. Molina, now without legal counsel, offered to bring her account up to date per the terms of the previous settlement offer through the services of the Asian Pacific American Dispute Resolution Center but representatives from Center Bank refused to negotiate by citing the approval of their actions against the plaintiff by defendant SBA.

22.   April 2012, after 2 years of phone and email inquiries, Agent Kari Overson from the Western Office of the SBA-OIG in Seattle finally notified Ms. Molina that Agent Daniel Sanchez had resigned a year prior and their investigation would not be completed in time to meet the 3-year statute of limitation on fraud that Ms. Molina would have in a civil suit against her lender using any evidence found in the course of their investigation via a Freedom of Information Act (FOIA) request or a subpoena for documents. Ms. Molina' June 2012 FOIA request to the SBA-OIG was denied due to "the ongoing nature of the investigation".

23.   Defendant BBCN Bank is continuing to report the plaintiff's loan account as "Charged Off" to Experian and in response to Ms. Molina's May 2012 attempt by her representative, attorney Glen Broemer, to settle this dispute they

1    subsequently reported her loan default to Experian twice, as a "transferred charge-
2    off".

3        24.    On May 23, 2012, the FDIC as Receiver for Innovative Bank, filed
4    a civil suit in California US District Court, Northern District, <u>Federal Deposit</u>
5    <u>Insurance Corporation v. Hong et al   CV 12 – 2658</u>, against 14 of Innovative
6    Banks' former directors and officers (included David Chui) for "Breach of
7    Fiduciary Duty, Gross Negligence, Negligence and Fraud". The FDIC complaint
8    alleges that the defendants were *"in violation of repeated and serious regulatory*
9    *warnings, were grossly negligent and in breach of their fiduciary duties by failing*
10   *to supervise the SBA lending function at the Bank".*

11
12                        ## V.   CAUSES OF ACTION

13                ### FIRST CAUSE OF ACTION - NEGLIGENCE
14
15                      (As against Defendant BBCN Bank)

16       25.   The plaintiff incorporates herein by reference all of the foregoing
17   contained in paragraphs 10 - 24 as if fully set out in this complaint.

18       26.   Innovative Bank, predecessor of defendant BBCN Bank was negligent
19   in putting the plaintiff's loan up for guaranty purchase to the SBA without proper
20   collection practices on the loan balance after failing to deposit checks mailed to
21   the defendants for payment via the United States Postal System as approved by
22   their Vice-President, David Chui, who also acted negligently by not forwarding
23   the plaintiff's checks for loan payments to another bank employee before resigning
24   his job and failing to inform the plaintiff that "courtesy debit reversals" on her
25   loan account payments would automatically turn into a 60-day delinquency.

26       27.   Innovative Bank, predecessor of defendant BBCN Bank was negligent
27   by failing to process ACH payments arranged with their agent and loan officer,
28   Raymond Kwan, ignoring email and phone contact from Ms. Molina and refusing

in good faith, to negotiate payment of the past due balance after plaintiff's receipt of "Final Notice Before Action" prior to the loan's guaranty purchase by the SBA.

28.    Defendant BBCN Bank's predecessor, Innovative Bank owed the plaintiff and the US Small Business Administration a duty of care to carry out their responsibilities by exercising the degree of care, skill and diligence that ordinarily prudent persons in like positions would use under similar circumstances. This duty of care, included, but was not limited to, the matters set forth in paragraphs 25 - 27 above. The burden of proof is on the lender to demonstrate that it has closed, serviced, and liquidated a loan in a prudent and commercially reasonable manner and in accordance with the terms of the Loan Authorization and SBA program requirements pursuant to 13 C.F.R. Subpart E—Loan Administration.

29.    The plaintiff exercised all due diligence in trying to get the defendant to accept payment on the past due loan balance between June and October, 2009. If the Innovative Bank's directors and officers had been not been negligent by failing to supervise the SBA lending function, their representatives and employees would not have put the plaintiff's loan up for guaranty purchase to the SBA without internal review.

30.    As a direct and proximate result of the defendants' conduct, plaintiff has sustained actual damages, incurred costs and attorneys fees and suffered several denials of credit causing financial hardship, embarrassment, stress and anxiety in the intervening 3 years since the loan default was submitted to the SBA for guaranty purchase.

## SECOND CAUSE OF ACTION - DECLARATORY JUDGMENT

### (As against Defendant U S Small Business Administration)

31.    Paragraphs 10 – 30 above are fully incorporated herein

32.    The plaintiff, Laura Molina, reported possible fraud by Innovative

1   Bank to the SBA and the SBA Office of Inspector General ("SBA-OIG") as
2   required under C.F.R. Title 13: Business Credit and Assistance, Subpart A, PART
3   120 § 120.197. The plaintiff subsequently spent hundreds of hours inquiring and
4   petitioning regulatory agencies of the State of California, federal officials and
5   elected representatives, and the defendant SBA for 3 years for relief in regard to
6   her loan default and the guaranty purchase, an overdue "Review of The Debt", the
7   SBA's approval of defendant BBCN Bank's authority to report the default on Ms.
8   Molina's consumer credit history and has exhausted all administrative remedies.

9        33.    In light of the SBA and SBA-OIG's own reports, and reports by the
10  Government Accountability Office concerning improper guaranty payments with
11  the SBA 7(a) loan program, regulatory warnings and a 2007 "cease and desist"
12  notice by the FDIC concerning Innovative Bank's SBA lending problems prior to
13  the bank's failure, Ms. Molina's report of possible fraud should have warranted
14  more than a cursory examination by the SBA of the lender in relation to her loan
15  with them and their request for guaranty purchase.

16       34.    Defendant BBCN Bank justified their actions against the plaintiff
17  in response to her recent attempts at a resolution by citing the approval of SBA
18  Commercial Loan Servicing Center director, Joel Stiner in their answer to Ms.
19  Molina's attorney's 2012 letter.

20       35.    The SBA has a responsibility to appropriately manage and oversee
21  its loan programs and the requirements it places on SBA lenders. The SBA acted
22  arbitrarily, capriciously, unreasonably and otherwise not in accordance with U S
23  Code, the agency's own Standard Operating Procedures and the Code of Federal
24  Regulations by prematurely releasing an administrative hold on the guaranty
25  purchase, dismissing the possibility of fraud and/or negligence by an SBA lender
26  without a substantive investigation of the lender's procedures prior to the guaranty
27  purchase and not properly advising the plaintiff about a "Review of The Debt"
28  within 60 days of the Treasury Department Offset Notice pursuant to 13 C.F.R.

Subpart B § 140.3  (d) (e) (f). The plaintiff is entitled to a review pursuant to 5 U.S.C. § 702; the SBA denied the plaintiff a chance to rectify a questionable loan guaranty purchase via an administrative remedy and the SBA-OIG through neglect and indifference, delayed an investigation of Innovative Bank and possible legal action brought on the part of the SBA-OIG or the US Department of Justice on behalf of the lender's aggrieved borrowers in a timely manner.

## VI. REQUEST FOR RELIEF

WHEREFORE, the plaintiff prays for relief for judgment against the defendants as follows:

A.    That the court review the actions of the US Small Business Administration and find by Declaratory Judgment that the SBA, in their decision to process the plaintiff's loan for guaranty purchase and failure to review that decision in a timely manner, denied the plaintiff due process of law as afforded those under its jurisdiction as guaranteed by the U.S. Constitution.

B.    For the plaintiff's costs of suit against all defendants;

C.    For compensatory damages of $7800 from defendant BBCN Bank and any excess amount to be proven at trial.

D.    For any further relief which the court may deem just and proper.

## INJUNCTIVE RELIEF

Enjoin the SBA to assist the plaintiff by administrating a complete "Review of The Debt" in the matter of the plaintiff's 7(a) loan default and improper guaranty purchase and enjoin defendant BBCN Bank to cease

COMPLAINT FOR NEGLIGENCE, DECLARATORY
JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF          **11**

1  reporting the loan default to Experian, Transunion, Equifax, Dunn & Bradstreet,
2  Colson Services Corp. or any other private or public entity that tracks and
3  reports consumer and/or business credit histories.
4
5                    **VII. DEMAND FOR JURY TRIAL**
6
7  Plaintiff hereby requests a jury trial on all issues raised in this complaint.
8
9
10  DATED this December 27, 2012.
11
12
13
14                                          Laura Molina
15                                          Plaintiff in Pro Per
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR NEGLIGENCE, DECLARATORY
JUDGMENT, COMPENSATORY                    **12**
DAMAGES AND INJUNCTIVE RELIEF



May 13, 2009


Laura Molina
Chicano Art Magazine
P.O. Box 713
Lake Hughes CA 93532-1329


Loan No. 615263

Dear Ms. Molina:

This letter is in response to your conversation of today with Mr. Kim regarding your complaint concerning customer service provided by our Bank. He has reviewed your file and we believe the best method for resolving your complaint is as indicated below.

Your automatic debit has been unlinked so that you may mail your payments each month. As indicated in your promissory note, payments are due the first day of each month; considered late if not received by the 10th of each month and late charges may not be waived. Monthly billing statements will be mailed to your address above.

Upon receipt of your remaining May payment, which our records show as $37.92, Innovative Bank will reimburse you for $44 in insufficient fund fees. You will need to submit a copy of your bank statement verifying the fees incurred. Additionally, the late fee for this month will be waived. Enclosed is a return envelope for your convenience.

We trust the foregoing solution is satisfactory.


Very truly yours,

David Chiu
Executive Vice President


**EXHIBIT A**



**Corporate Headquarters** | 360 14th Street Oakland, CA 94612
B: (510) 899-6800 | F: (510) 899-6897 | www.innovativebank.com

Raymond Kwan <rkwan@innovativebank.com>
To: Laura Molina <lauramolina@verizon.net>
RE: Payment-Loan # 615263

July 31, 2009 9:38 AM

Laura,

The payment has been processed.

Thank you

Raymond

-----Original Message-----
From: Laura Molina [mailto:lauramolina@verizon.net]
Sent: Thursday, July 30, 2009 6:01 PM
To: Raymond Kwan
Subject: Payment-Loan # 615263

••••••••••••••••••••••••••••••••••••••••••••••••••••••••

This email and any files transmitted with it are confidential and
intended solely for the person or entity to whom they are addressed
and may contain confidential and/or privileged material.
Any review, retransmission, dissemination or other use of, or taking
of any action in reliance upon this information by persons or entities
other than the intended recipient is prohibited.
If you have received this email in error please contact the sender
and delete the material from any computer.

Innovative Bank <http://www.innovativebank.com>
••••••••••••••••••••••••••••••••••••••••••••••••••••••••

This message has been scanned for malware by SurfControl plc. www.surfcontrol.com

---

**LAURA MOLINA**
P.O. BOX 713
LAKE HUGHES, CA 93532-1329
661-724-0542

**1036**
90-7415/3222

7-29-09

PAY TO THE ORDER OF   INNOVATIVE BANK                    $ 37.92

THIRTY-SEVEN & 92/100                          DOLLARS

First Entertainment
Credit Union
6735 Forest Lawn Drive, Hollywood, CA

FOR _____

⑆322274158⑆10000                    ⑆1036

---

EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 10992 CAS (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Laura Molina
P. O. Box 713
Lake Hughes, California 93532-0713
(661) 724-0542

In Pro Per

**FOR OFFICE USE ONLY**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| LAURA MOLINA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV12-10992 CAS(SH) |
| v. | |
| BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, U.S. SMALL BUSINESS ADMINISTRATION | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within ☐21☐ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Laura Molina, In Pro Per_____, whose address is _P. O. Box 713  Lake Hughes  California  93532_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                        Clerk, U.S. District Court

        Dated: _1/8/2013_____              By: _____

                                        [seal]                    1164

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)*

**FOR OFFICE USE ONLY**

CV-01A (10/11)                          **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| LAURA MOLINA | BBCN BANK, U.S. SMALL BUSINESS ADMINISTRATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| P. O. Box 713 Lake Hughes California 93532 (661) 724-0542 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 7800

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 2201-2202, 5 U.S.C. §§ 701 - 706 - NEGLIGENCE, DECLARATORY JUDGMENT, COMPENSATORY DAMAGES & INJUNCTIVE RELIEF

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Reg | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

CV12-10992

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                 ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date _DEC 27, 2012_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |