FILED

2013 APR 22   AM 10: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Laura Molina

lauramolina@icloud.com

P. O. Box 713

Lake Hughes, California 93532-0713

(661) 724-0542

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MOLINA,<br><br>        Plaintiff,<br><br>v.<br><br>BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, U.S. SMALL BUSINESS ADMINISTRATION;<br><br>        Defendants. | CASE NO. **CV12 - 10992  CAS (SHx)**<br><br>**AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD, DECLARATORY JUDGMENT, COMPENSATORY DAMAGES AND INJUNCTIVE RELIEF**<br><br>Jury Trial Demanded |

## I.   JURISDICTION

1.   This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-2202, 18 U.S.C. § 1031, 15 U.S.C. Chapter 14A and 5 U.S.C. §§ 701 - 706. Plaintiff alleges that an Executive Agency of the United States Government has acted unreasonably, arbitrarily and capriciously, and has violated a statute and/or regulation and denied the plaintiff due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States

AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD, DECLARATORY JUDGMENT, COMPENSATORY DAMAGES AND INJUNCTIVE RELIEF          CASE No. CV12 -10992  CAS (SHx)

1

1    Constitution under its jurisdiction and administrative authority in regard to its

2    oversight of a Small Business Administration lender.

3        2.   This court has subject matter jurisdiction over this case pursuant to 18

4    USC § 1031, 13 C.F.R. Part 120, 13 C.F.R. § 120.197 and 13 C.F.R. - Chapter

5    1 - Part 142 - Program Fraud Civil Remedies Act Regulations in the matter of an

6    Small Business Administration loan guaranty purchase.

7        3.   This court has personal jurisdiction over defendant BBCN Bank,

8    who is situated in a corporation incorporated under the laws of California and is

9    headquartered in Los Angeles, California and under the oversight of the US Small

10   Business Administration in regards to their participation in the "Preferred Lender

11   Program".

12       4.   This court has personal jurisdiction over the Defendants named in this

13   action pursuant to California Code of Civil Procedure § 410.10.

14

15   ## II.   VENUE

16

17       5.   Venue is proper pursuant to 28 U.S.C. § 1391 (c). The defendant BBCN

18   Bank, successor of Innovative Bank of Oakland, California, is a corporation

19   incorporated under the laws of California and is headquartered in Los Angeles,

20   California.

21       6.   Venue is proper pursuant to 28 U.S.C. § 1391. The promissory note

22   for the plaintiff's Small Business Administration 7(a) Loan from BBCN Bank's

23   predecessor, Innovative Bank of Oakland, California was signed and executed in

24   the offices of Valley Economic Development Center in Van Nuys, California.

25

26   ## III.   PARTIES

27       7.   At all times hereinafter mentioned, plaintiff, Laura Molina, was and

28   still is a resident of Los Angeles County, California.

---

AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD,
DECLARATORY JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF    **2**        CASE No. CV12 -10992  CAS (SHx)

8.    Defendant BBCN Bank, successor of Innovative Bank, is a corporation incorporated under the laws of California and is headquartered in Los Angeles, California.

9.    Defendant U.S. Small Business Administration is an executive agency of the federal government.

## IV.   STATEMENT OF FACTS

10.    On May 3, 2007, the plaintiff, Laura Molina, sole proprietor of DBA Chicano Art Magazine, received a Small Business Administration ("SBA") 7(a) Loan, number 2426555010 for $5000 from BBCN Bank's predecessor, Innovative Bank of Oakland, California through the bank's participation in the SBA's "Preferred Lender Program". The loan was brokered on behalf of the parties through SBA Technical Assistance Provider, Valley Economic Development Center ("VEDC"). The promissory note for the loan was signed and executed in the offices of VEDC in Van Nuys, California and the loan funds disbursed to Ms. Molina by direct deposit.

11.    Several months after her magazine business ceased publication, Lorenzo Flores, Deputy District Director of the SBA's Los Angeles office, suggested Ms. Molina contact her lender for payment deferment options. The loan was in good standing with 19 months of punctual payment and in no immediate danger of default due to an inability by the borrower to continue payments. On February 10, 2009, Innovative Bank's Collections Supervisor, Rosemary Williams-Snell sent the plaintiff a letter approving a voluntary "Deferment Arrangement" on Ms. Molina's 7(a) loan without disclosing the complete terms of this deferment in writing. This letter acknowledged regular payments of $72 were to resume on May 1, 2009.  All other negotiations on the loan deferment were verbal and unilaterally changed at will by the defendant, who also failed to disclose that terms

of the deferment were of no benefit to the borrower. Automatically generated loan statements show late fees added to the months during the deferment and the lender continued to send loan statements that were at odds with the written deferment arrangement and verbal agreements. February 2009 Ms. Molina asked the lender to apply a payment on the interest. April 2009, the defendant demanded that the deferred interest be bought up to date immediately prior the resumption of regular loan payments negating most of the relief of the deferment arrangement altogether. Interest payments were not debited on the mutually agreed upon transaction dates. An April 30th ACH debit for $37.92 in interest plus a late fee on the loan combined with the May 1st loan payment, overdrew Ms. Molina's credit union account.

12.     In response to a complaint Ms. Molina filed with the California Department of Financial Institutions ("CDFI"), Innovative Bank Vice-President, David Chiu, wrote her a letter dated May 13, 2009 ("Exhibit A"), allowing her to use personal checks via United States Postal System to pay her loan. Innovative Bank, through a mutual agreement negotiated by the DFI and David Chiu, also reversed the ACH debits that caused the overdrafts and the overdraft charges on Ms. Molina's checking account. On June 9, 2009, Ms. Molina mailed two checks to Mr. Chiu for $37.92 and $77.92 to replace the reversed ACH payments. Without the plaintiff's knowledge or acceptance of any resolution that would make the loan delinquent, these reversals put the loan into a "60 days past due" status when it should have been no more than 30 days late. Mr. Chiu sent a 2nd letter to Ms. Molina dated June 17, 2009, stating that the loan was "past due as of June 1, 2009", and giving no other details on the loan's delinquency or any warning about a possible loan default due to the ACH debit reversals.

13.     Ms. Molina discovered by the third week of June 2009, that the check payments she mailed to David Chiu had not cleared her checking account. Her credit union informed her the checks issued to Innovative Bank were never presented to them for payment. After Ms. Molina left as many as 30 phone

---

AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD,
DECLARATORY JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF          **4**

CASE No. CV12 -10992  CAS (SHx)

1  messages concerning the missing payments, she was told by Innovative Bank
2  CEO Chong Kook Kim's assistant that David Chiu no longer worked for the bank
3  and her checks could not be located. The bank referred the matter to loan officer,
4  Raymond Kwan. Mr. Kwan agreed to resume loan payments via bank debit if a
5  facsimile for one of the missing checks was e-mailed directly to him. Ms. Molina
6  complied with Mr. Kwan request with a third check dated July 29, 2009, for
7  $37.92 and asked to be notified immediately if there were any further problems.
8  Subsequently, the defendant's agent, Raymond Kwan, *did not* deduct the payment
9  from the plaintiff's bank account although he sent the plaintiff an email ("Exhibit
10 B") verifying a payment had been processed and acknowledged on July 31, 2009.
11       14.   While the plaintiff awaited further instructions from Raymond Kwan,
12 a "Final Notice Before Action" dated September 4, 2009, was received by Ms.
13 Molina on September 14, 2009. The Notice, sign by Rosemary Williams-Snell,
14 demanded that the borrower *"please forward your past due payments to us within*
15 *10 days of the date of this letter in order to avoid default on your note"*. In a brief
16 phone call, Williams-Snell refused to speak to Ms. Molina concerning payment
17 arrangements and stated *"the loan was already in default and the bank did not*
18 *have to accept payment"*. Thereafter, Senior Loan Officer, Jung Min Mok and
19 Rosemary Williams-Snell rebuffed all efforts by Ms. Molina to rectify the situation.
20 They refused to negotiate proposals for preventing the loan default nor would they
21 arrange for any conveyance for payment on the past due balance via ACH debit,
22 personal check, money order or credit card from the plaintiff. On September 24,
23 2009, the plaintiff spoke to Mr. Kwan again about the missing payments and he
24 claimed the plaintiff needed to rescind an ACH block at her bank so he could debit
25 the 2 previously reversed payments on the plaintiff's loan in an arrangement to
26 fend off the impending default. Ms. Molina sent a notice rescinding ACH block to
27 her credit union on September 28, 2009. After Ms. Molina checked on any further
28 obstacles to a payment through her credit union account, the defendant's agent,

Raymond Kwan, *still* did not debit the payment.

15.    During the last weeks of September 2009, Ms. Molina sought assistance from the SBA Commercial Loan Service Center in Fresno California concerning the incompetent, negligent and possibly fraudulent business practices of Innovative Bank, with regard to the impending guaranty purchase of her loan. Ms. Molina told Center Director Joel Stiner in a phone call that the lender was refusing, or failing to process payment for the past due balance and not responding to her calls or emails about the "Final Notice Before Action". Director Stiner dismissed Ms. Molina concerns, offered no practical assistance whatsoever and denigrated her efforts to resolve the problem with the lender.

16.    On October 9, 2009, Innovative Bank processed Ms. Molina's SBA-guaranteed portion of the loan for purchase to the SBA Commercial Loan Service Center in Fresno. The loan was charged off November 27, 2009 and the debt was forwarded to the SBA Treasury Offset Department.

17.    November 11, 2009, Ms. Molina received an email response from Joel Stiner's subordinate, Loan Specialist Michelle Serrano, dismissing all of her allegations of potential fraud or negligence by the lender and releasing an administrative hold on the guaranty purchase. Michelle Serrano stated in this email: *"after a thorough review of all your submitted documents and with my conversations with the bank, I have determined that no evidence exists to indicate that Innovative Bank has not serviced your loan in accordance with SBA servicing rules."*

18.    October 29, 2009, Ms. Molina sought a remedy by filing another complaint against Innovative Bank with the CDFI. November 2009, Ms. Molina retained James P. Segall-Guiterrez as legal counsel to negotiate with her lender. On December 10, 2009, Innovative Bank's legal counsel, Gary R. Fertig notified Segall-Guiterrez's office, that Innovative Bank would accept the past due amount of $568.78, retrieve the loan from the SBA Treasury Offset Department and resume

1   making monthly ACH deductions from her checking account. This offer had a 14-
2   day time limit and Mr. Segall-Guiterrez did not notify Ms. Molina of the offer in
3   a timely manner. When Mr. Segall-Guiterrez failed to follow up as promised, she
4   dismissed him as her representative and filed a complaint against him with the
5   State Bar of California, July 2010.

6       19.   November 2009, Ms. Molina informed the Small Business
7   Administration Office the Inspector General ("SBA-OIG") in complaint number:
8   20100067 about possible fraud concerning her loan default. Ms. Molina received
9   a phone call from Daniel Sanchez, Special Agent in Charge of the SBA-OIG,
10  Western Region on December 29, 2009. Agent Sanchez notified Ms. Molina that
11  Innovative Bank was under investigation by the SBA-OIG for fraud concerning
12  "forced technical defaults" on its SBA borrower's loans and requested she keep
13  her knowledge of the investigation confidential. Agent Sanchez and others at the
14  SBA and SBA-OIG implied that their investigation of Innovative Bank could, or
15  would have lead to a remedy on behalf of a group of SBA borrowers including Ms.
16  Molina.

17      20.   After receiving an SBA "Treasury Offset Action Notice", Ms.
18  Molina spoke with Lance Sexton, Deputy Director of the Little Rock Commercial
19  Loan Service Center on December 16, 2009 about problems with the default and
20  guaranty purchase of her loan. He offered her no assistance or information on
21  any possible appeal of the SBA's decision to process the guaranty purchase. On
22  January 7, 2010, Ms. Molina spoke with Sherrill Alexander in the Birmingham
23  Loan Servicing Center concerning payment arrangements on the loan balance.
24  Ms. Alexander referred her to Supervisory Loan Specialist, Carla Donaldson and
25  advised Ms. Molina to *"Have the SBA-OIG investigator inform Carla Donaldson*
26  *of SBA Treasury Offset Department about investigation of your lender."* The SBA,
27  with regard to this loan, took no collection actions and the plaintiff continues to
28  pay the SBA on a monthly arrangement.

21.   On April 16, 2010, the CDFI closed Innovative Bank and named the Federal Deposit Insurance Corporation ("FDIC") as Receiver. The FDIC entered into a purchase and assumption agreement with Center Bank, Los Angeles, California and they assumed Innovative Bank's assets and liabilities including servicing of their SBA loans. (Center Bank merged with defendant BBCN Bank in December 2011) Subsequent to Innovative Bank's closure by the FDIC, Ms. Molina, now without legal counsel, offered to bring her account up to date per the terms of the previous settlement offer through the services of the Asian Pacific American Dispute Resolution Center in Los Angeles. Representatives from Center Bank refused to negotiate by citing the approval of their actions against the plaintiff by defendant SBA.

22.   On May 15, 2012, after 2 years of phone and email inquiries, Agent Kari Overson from the Western Office of the SBA-OIG in Seattle finally notified Ms. Molina that Agent Daniel Sanchez had resigned a year prior. Their investigation would not be complete in time to meet the 3-year statute of limitation on fraud that Ms. Molina would have for a civil suit against her lender using any evidence found in the course of their investigation via a Freedom of Information Act ("FOIA") request or a subpoena for documents. Ms. Molina's June 2012 FOIA request to the SBA-OIG was denied due to "the ongoing nature of the investigation".

23.   Defendant BBCN Bank is continuing to report the plaintiff's loan account as "Charged Off" to Experian. The default will remain on Ms. Molina credit history until 2016.

24.   On May 23, 2012, the FDIC as Receiver for Innovative Bank filed a civil suit in California US District Court, Northern District, (Federal Deposit Insurance Corporation v. Hong et al CV 12 − 2658) against 14 of Innovative Banks' former directors and officers (included David Chiu) for "Breach of Fiduciary Duty, Gross Negligence, Negligence and Fraud". The FDIC complaint alleges that the

1    defendants were *"in violation of repeated and serious regulatory warnings, were*
2    *grossly negligent and in breach of their fiduciary duties by failing to supervise the*
3    *SBA lending function at the Bank"*.

4

## V.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION - NEGLIGENCE

(As against Defendant BBCN Bank)

9        25.    The plaintiff incorporates herein by reference all of the foregoing
10   contained in paragraphs 10 - 24 as if fully set out in this complaint.

11       26.    Innovative Bank, predecessor of defendant BBCN Bank, was
12   negligent in requesting a guaranty purchase on the plaintiff's loan to the SBA
13   without proper collection practices on the loan balance after failing to deposit
14   checks mailed to the defendants for payment via the United States Postal
15   System as approved by their Vice-President, David Chiu. David Chiu also acted
16   negligently by not forwarding the plaintiff's checks for loan payments to another
17   bank employee before resigning his job.

18       27.    Innovative Bank, predecessor of defendant BBCN Bank, was
19   negligent by failing to process ACH payments on the past due balance arranged
20   with their agent Raymond Kwan. Employees of the defendant ignored email and
21   phone contact from Ms. Molina, and refused in good faith, to negotiate payment
22   of the past due balance after plaintiff's receipt of  "Final Notice Before Action"
23   prior to requesting the loan's guaranty purchase by the SBA.

24       28.    The plaintiff exercised all due diligence in trying to get the defendant
25   to accept payment on the past due loan balance between June and October 2009. If
26   the Innovative Bank's directors and officers had been not been negligent by failing
27   to supervise the SBA lending function, their representatives and employees would
28   not have requested a guaranty purchase on the plaintiff's loan to the SBA without

AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD,                CASE No. CV12 -10992  CAS (SHx)
DECLARATORY JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF          **9**

1  internal review.

2      29.   As a direct and proximate result of the defendants' conduct, plaintiff

3  has suffered actual damages in an amount of at least $7,800.

4

5  ## SECOND CAUSE OF ACTION - FRAUD

6  (As against Defendant BBCN Bank)

7

8      30.   Paragraphs 10 – 29 above are fully incorporated herein

9      31.   Innovative Bank, predecessor of defendant BBCN Bank, had a

10  duty of care per SBA Standard Operating Procedures ("SOP") and the Code of

11  Federal Regulations and violated such a duty of care by putting the plaintiff's

12  SBA loan account at risk by offering an unnecessary deferment arrangement

13  to her detriment. The defendant had the prerogative to decline the borrower's

14  request for a deferment per SBA SOP 5057 and SOP 5050(4) because the loan

15  was current and not in danger of default by cessation of regular payments on

16  the plaintiff's part. The defendant failed to disclose details of the optional and

17  voluntary deferment arrangement to the plaintiff and never communicated the

18  risk that accepting such a deferment arrangement could cause to her loan account

19  as opposed to being 30 days delinquent or otherwise behind on loan payments

20  without a deferment. The defendant had the obligation and a duty of care to

21  assist a borrower who made every effort under financial hardship to make loan

22  payments and took actions against her that were punitive, petty and contrary to

23  SBA's Standard Operating Procedures and 13 C.F.R. §§ 120.520 - 120.541.

24      32.   Innovative Bank, predecessor of defendant BBCN Bank, requested a

25  guaranty purchase on the plaintiff's 7(a) loan without exercising prudent practices

26  for collections and concealed attempts by the borrower to cure the delinquency to the

27  SBA contrary to 13 C.F.R. § 120.520 and falsely certified that they complied with

28  SBA regulations. The defendant failed to disclose that "courtesy debit reversals"

1    on Ms. Molina's loan payments after the deferment period would automatically

2    turn into a 60-day delinquency. Their failure to accept and process payments on

3    the loan following the ACH debit reversals and the deferment period constituted a

4    fraud upon the plaintiff and an executive agency of the United States pursuant to

5    18 USC § 1031. The defendant abused its delegated unilateral servicing authority

6    for SBA loans with malice, by forcing a "technical default" upon borrower Laura

7    Molina's 7(a) loan.

8        33.    Defendant BBCN Bank's predecessor, Innovative Bank owed the

9    plaintiff and the US Small Business Administration a duty of care to carry out their

10   responsibilities by exercising the degree of care, skill and diligence that ordinarily

11   prudent persons in like positions would use under similar circumstances. This

12   duty of care, included, but was not limited to, the matters set forth in paragraphs

13   25 - 32 above. The burden of proof is on the lender to demonstrate that it has

14   closed, serviced, and liquidated a loan in a prudent and commercially reasonable

15   manner and in accordance with the terms of the Loan Authorization and SBA

16   program requirements pursuant to 13 C.F.R. Subpart E—Loan Administration.

17       34.    As a direct and proximate result of the defendants' conduct, plaintiff

18   suffered actual damages in an amount of at least $7800, incurred costs and

19   attorneys fees and suffered several denials of credit causing financial hardship,

20   embarrassment, stress and anxiety in the intervening 3 and a half years since the

21   loan default was submitted to the SBA for guaranty purchase.

22

23   **THIRD CAUSE OF ACTION - DECLARATORY JUDGMENT**

24   (As against Defendant U S Small Business Administration)

25

26       35.    Paragraphs 10 – 34 above are fully incorporated herein.

27       36.    The plaintiff, Laura Molina, reported possible fraud by Innovative

28   Bank to the SBA and the SBA Office of Inspector General ("SBA-OIG") as

---

AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD,
DECLARATORY JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF

CASE No. CV12 -10992  CAS (SHx)

1   required under 13 C.F.R. § 120.197. Ms. Molina subsequently spent hundreds

2   of hours inquiring and petitioning regulatory agencies of the State of California,

3   federal officials, elected representatives and the defendant SBA for over 3 years

4   for relief in regard to her lender's fraudulent/negligent guaranty purchase request.

5   She repeatedly challenged the SBA's approval of defendant BBCN Bank's

6   authority to report the default on her consumer credit history, and has exhausted

7   all administrative remedies.

8       37.    In light of the SBA and SBA-OIG's own reports, the Government

9   Accountability Office reports concerning improper guaranty payments with the

10  SBA 7(a) loan program, federal regulatory warnings and a 2007 "cease and desist"

11  notice by the FDIC concerning Innovative Bank's SBA lending problems prior to

12  the bank's failure, Ms. Molina's report of possible fraud should have warranted

13  more than a cursory examination by the SBA of the lender in relation to her loan

14  with them and their request for guaranty purchase.

15      38.    Defendant BBCN Bank continues to justify their actions against

16  the plaintiff in response to her attempts to resolve the unfair guaranty purchase

17  by citing the approval of SBA Commercial Loan Servicing Center director,

18  Joel Stiner. Director Stiner and his subordinates had the authority to investigate

19  and assist Ms. Molina. They failed to exercise judgment and properly advise

20  the plaintiff in appropriate procedures for the anticipated default action by her

21  lender. This Servicing Center received the guaranty purchase request and had an

22  opportunity to repair a questionable loan purchase from a lender known by the

23  federal government to have regulatory issues with their participation in the SBA

24  loan program by flagging the loan in the Guaranty Repair Tracking System per

25  SOP 5051(2B). The SBA failed to exercise its administrative authority over the

26  lender on behalf of a borrower who reported the fraud and was willing and able

27  to pay back her loan before the lender's forced technical default and guaranty

28  purchase request.

39.     The SBA has a responsibility to appropriately manage and oversee its loan programs and the requirements it places on its lenders. The SBA acted arbitrarily, capriciously, unreasonably and otherwise not in accordance with U.S. Code, the agency's own Standard Operating Procedures and the Code of Federal Regulations by prematurely releasing an administrative hold on the guaranty purchase, not advising the plaintiff on how to properly handle the conflict with her lender and dismissing the possibility of fraud or misconduct by an SBA lender without a substantive investigation of the lender's procedures prior to the guaranty purchase. The plaintiff has a right of private action and is entitled to a review of the agency's actions pursuant to the Administrative Procedure Act - 5 U.S.C. §§ 701 - 706; the SBA denied the plaintiff a review of its approval of the lender's guaranty purchase request and the agency or an officer or employee thereof failed to act in an official capacity. The SBA-OIG through neglect and indifference, delayed an investigation of Innovative Bank and possible legal action brought on the part of the SBA-OIG or the U.S. Department of Justice on behalf of the lender's aggrieved borrowers in a timely manner.

## VI. REQUEST FOR RELIEF

WHEREFORE, the plaintiff prays for relief for judgment against the defendants as follows:

A.     That the court review the actions of the U.S. Small Business Administration and find by Declaratory Judgment that the SBA, in their decision to process the plaintiff's loan for guaranty purchase and failure to review that decision in a timely manner, denied the plaintiff due process of law as afforded those under its jurisdiction as guaranteed by the U.S. Constitution.

B.      For the plaintiff's costs of suit against all defendants;

C.      For compensatory damages of $7800 from defendant BBCN Bank and any excess amount to be proven at trial.

D.      For any further relief which the court may deem just and proper.

## INJUNCTIVE RELIEF

.      Enjoin the SBA to assist the plaintiff by administrating a post-purchase review in the matter of the plaintiff's 7(a) loan default, the lender's conduct in misrepresenting a material fact to SBA regarding a guaranteed loan and otherwise not servicing the loan in a prudent manner or in accordance with all SBA Loan Program requirements pursuant to 13 C.F.R. § 120.524 when requesting a guaranty purchase, and enjoin defendant BBCN Bank to cease reporting the loan default to Experian, Transunion, Equifax, Dunn & Bradstreet, Colson Services Corp. or any other private or public entity that tracks and reports consumer and/or business credit histories.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

DATED this April 22, 2013.

Laura Molina
Plaintiff in Pro Per

AMENDED COMPLAINT FOR NEGLIGENCE,  FRAUD,
DECLARATORY JUDGMENT, COMPENSATORY
DAMAGES AND INJUNCTIVE RELIEF

**14**

CASE No. CV12 -10992  CAS (SHx)

May 13, 2009

Laura Molina
Chicano Art Magazine
P.O. Box 713
Lake Hughes CA 93532-1329

Loan No. 615263

Dear Ms. Molina:

This letter is in response to your conversation of today with Mr. Kim regarding your complaint concerning customer service provided by our Bank. He has reviewed your file and we believe the best method for resolving your complaint is as indicated below.

Your automatic debit has been unlinked so that you may mail your payments each month. As indicated in your promissory note, payments are due the first day of each month; considered late if not received by the 10th of each month and late charges may not be waived. Monthly billing statements will be mailed to your address above.

Upon receipt of your remaining May payment, which our records show as $37.92, Innovative Bank will reimburse you for $44 in insufficient fund fees. You will need to submit a copy of your bank statement verifying the fees incurred. Additionally, the late fee for this month will be waived. Enclosed is a return envelope for your convenience.

We trust the foregoing solution is satisfactory.

Very truly yours,

David Chiu
Executive Vice President



**EXHIBIT A**



Corporate Headquarters | 360 14th Street Oakland, CA 94612
B: (510) 899-6800 | F: (510) 899-6897 | www.innovativebank.com

Raymond Kwan <rkwan@innovativebank.com>
To: Laura Molina <lauramolina@verizon.net>
RE: Payment-Loan # 615263

July 31, 2009  9:38 AM

Laura,

The payment has been processed.

Thank you

Raymond

-----Original Message-----
From: Laura Molina [mailto:lauramolina@verizon.net]
Sent: Thursday, July 30, 2009 6:01 PM
To: Raymond Kwan
Subject: Payment-Loan # 615263

**************************************************************
This email and any files transmitted with it are confidential and
intended solely for the person or entity or to whom they are addressed
and may contain confidential and/or privileged material.
Any review, retransmission, dissemination or other use of, or taking
of any action in reliance upon this information by persons or entities
other than the intended recipient is prohibited.
If you have received this email in error please contact the sender
and delete the material from any computer.

Innovative Bank <http://www.innovativebank.com>
**************************************************************


This message has been scanned for malware by SurfControl plc. www.surfcontrol.com

**LAURA MOLINA**
P.O. BOX 713
LAKE HUGHES, CA 93532-1329
661-724-0542

1036
90-7415/3222

7-29-09

PAY TO THE ORDER OF  *INNOVATIVE BANK*  | $37.92

*THIRTY-SEVEN & 92/100*  DOLLARS

First Entertainment
Credit Union
6735 Forest Lawn Drive - Hollywood, CA 90068

FOR

⑆322274158⑈10000   ⑈1036

EXHIBIT B