UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Laura Molina, Pro Se | Steven Han<br>Matthew Lane, AUSA |

**Proceedings:** DEFENDANTS' MOTIONS TO DISMISS (Docket #11, filed May 14, 2013, and Docket #19, filed June 21, 2013)

## I.   INTRODUCTION

Pro se plaintiff Laura Molina ("plaintiff") filed this action in this Court on January 8, 2013. Plaintiff filed an amended complaint on April 22, 2013. The complaint alleges fraud and negligence on the part of Innovative Bank ("Innovative"), and a variety of claims against the Small Business Administration ("SBA"). The defendants named in the complaint are the SBA and BBCN Bank ("BBCN"), the successor of Innovative.

Defendant BBCN filed a motion to dismiss on May 14, 2013, and plaintiff filed an opposition on May 28, 2013. Defendant BBCN filed a reply on July 22, 2013. Defendant SBA filed a motion to dismiss on June 21, 2013, and plaintiff filed an opposition on July 19, 2013. Defendant SBA filed a reply on August 12, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff Laura Molina is a resident of Los Angeles County, California. Defendant BBCN is a corporation incorporated under California law, and has its headquarters in Los Angeles, California. Defendant SBA is an agency of the United States government. Compl. ¶¶ 7-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

On May 3, 2007, plaintiff received a $5,000 Small Business Administration Loan under Section 7(a) of the Small Business Act, 5 U.S.C. § 631, et seq., from defendant BBCN's predecessor Innovative Bank. Id. ¶ 10. Plaintiff alleges that she made timely payments on the loan for 19 months, and the loan was not in immediate danger of default. In February 2009, plaintiff alleges that Rosemary Williams-Snell, a collections supervisor at Innovative Bank, sent plaintiff a letter approving a deferment arrangement on plaintiff's loan, but did not disclose the complete terms of the deferment, and did not reveal that the terms of the deferment were of no benefit to her. Plaintiff alleges that the deferment letter stated that regular payments on the loan were to resume on May 1, 2009. Id. ¶ 11.

Plaintiff alleges that late fees were charged to her loan account during the deferment period, and that Innovative Bank did not accept interest payments on agreed-upon transaction dates. Id. Thereafter, an April 30, 2009 electronic debit of plaintiff's bank account for interest on the loan plus a late fee caused plaintiff's credit union account to be overdrawn. Id. Plaintiff subsequently filed a complaint with the California Department of Financial Institutions. She alleges that an Innovative vice-president contacted her after she filed the complaint, and agreed to allow her to use personal checks, sent through the mail, to make payments on her loan. Id. ¶ 12. The bank vice-president also reversed the electronic debits that caused the overdraft of plaintiff's credit union account. Id.

Plaintiff alleges that the reversal of the electronic debit caused her loan to be designated as 60 days past due, when it should only have been designated as 30 days past due at most. Id. ¶ 12. Plaintiff alleges that she discovered in June 2009 that the checks she mailed to the Innovative vice president were never presented for payment. Id. ¶ 13. She subsequently spoke to an Innovative loan officer, who agreed to accept payments on the loan via electronic debit if plaintiff furnished him with a copy of one of the checks that plaintiff previously sent to Innovative. Plaintiff alleges that the loan officer never debited plaintiff's bank account, even though he sent plaintiff an email verifying that a payment had been processed. Id.

Plaintiff alleges that she received a "Final Notice Before Action" from Innovative, dated September 4, 2009, demanding that plaintiff provide all past due payments on the loan within 10 days in order to avoid her being declared to be in default on her loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

Plaintiff alleges that she contacted Innovative, but Innovative refused to negotiate with her, and failed to debit her account for the past-due loan payments. Id. ¶ 14.

Plaintiff alleges that she sought assistance from defendant SBA personnel in handling her difficulties with Innovative. Plaintiff spoke with the director of the SBA Commercial Loan Service Center in Fresno, but received "no practical assistance." Id. ¶ 15. She also alleges that she later received an email from another SBA employee at the Service Center, "dismissing all of her allegations of potential fraud or negligence" against Innovative, and stating that "no evidence exists to indicate that Innovative Bank has not serviced your loan in accordance with SBA servicing rules." Id. ¶ 17. During this same timeframe, in October 2009, Innovative "processed . . . [the] guaranteed portion of [her] loan for purchase to the SBA Commercial Loan Service Center." Id. ¶ 16.

Subsequently, plaintiff alleges that she filed a second complaint with the California Department of Financial Institutions. Id. ¶ 18. She also contacted defendant SBA's Office of the Inspector General, and received a phone call from Daniel Sanchez, the "Special Agent in Charge" for the Western Region of the Office of the Inspector General. Id. ¶ 19. He informed plaintiff that Innovative was under investigation for fraud, and "implied that [the] investigation could . . . lead to a remedy on behalf of" borrowers such as plaintiff. Id. Plaintiff alleges that she also spoke to SBA personnel at other Commercial Loan Service Centers, but received no assistance. Plaintiff alleges that she continues to make regular loan payments to the SBA, and the SBA has taken no collection actions against her. Id. ¶ 20.

Plaintiff alleges that the California Department of Financial Institutions closed Innovative in April 2010 and named the Federal Deposit Insurance Corporation ("FDIC") as the receiver. Center Bank of Los Angeles assumed Innovative's assets and liabilities pursuant to a purchase and assumption agreement, and Center Bank subsequently merged with defendant BBCN. Id. ¶ 21.

In May 2012, Plaintiff alleges that she received a phone call from another agent at the defendant SBA's Office of the Inspector General. That agent informed her that Special Agent Sanchez had resigned in 2009, and that the investigation into Innovative would not be completed before the running of the three-year statute of limitations for a civil fraud action. Id. ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

Plaintiff further alleges that the FDIC has filed suit against 14 of Innovative's former directors and officers, alleging fraud, negligence, and breach of fiduciary duty, arising in part from "failing to supervise the SBA lending function at the Bank." Id. ¶ 24.

## III. LEGAL STANDARD[1]

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

**B.     Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.     DISCUSSION

   A.     Plaintiff's Administrative Procedure Act Claims[2]

The Administrative Procedure Act ("APA") provides for judicial review of "final agency action."  5 U.S.C. §§ 701, 704.  A reviewing court is required to set aside such action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Id. § 706(2)(A).  If, however, the law does not provide meaningful standards by which a reviewing court can evaluate an agency's decision, judicial review is unavailable.  See, e.g.,Helgeson v. Bureau of Indian Affairs, 153 F.3d 1000, 1003 (9th Cir. 1998)(citations omitted).  As relevant here, judicial review is unavailable when an administrative agency is acting in an enforcement role, Heckler v. Chaney, 470 U.S. 821, 831-32 (1985), and when a decision is committed to the sole discretion of an agency by

---

[2]Defendant SBA styles its motion as a motion to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and not as a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6).  The Court concludes that defendant SBA's objections to plaintiff's APA and Due Process claims, discussed in sections IV(A) and IV(B), are better viewed as a motion to dismiss based on plaintiff's failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

statute, 5 U.S.C. § 701(a)(2); see also Gifford v. Small Business Administration, 626 F.2d 85, 86 (9th Cir. 1980).

    1.    Review of Decision to Purchase Plaintiff's Loan

Plaintiff argues that the APA provides her with a right to judicial review of defendant SBA's decision to purchase her loan from Innovative. See Compl. ¶¶ 2, 39; Pl. Opp. Mot. Dismiss 7-8. Defendant SBA responds that the decision to purchase the guaranteed portion of a loan is committed to its sole discretion, and therefore not subject to judicial review. Def. Mot. Dismiss 7.

The Court agrees that the agency action here at issue is not subject to judicial review. The Code of Federal Regulations states that defendant SBA may "in its sole discretion . . . purchase the guaranteed portion of a loan at any time whether in default or not, with or without the request from a Lender." 13 C.F.R. § 120.520(a)(1). This type of decision is therefore committed to the sole discretion of defendant SBA, and is not reviewable by this Court. See 5 U.S.C. § 701(a)(2).

    2.    Failure to Pursue Plaintiff's Complaints to Defendant SBA's Office of the Inspector General

Plaintiff alleges that the APA provides her with a right to judicial review of defendant SBA's Office of the Inspector General's actions in response to her complaints about Innovative Bank. Compl. ¶¶ 35-39. Defendant SBA argues that decisions related to enforcement actions are committed to its sole discretion.

Here, too, the Court finds the moving party's argument to be persuasive because the exercise of quasi-prosecutorial discretion by an administrative agency like defendant SBA is not subject to judicial review under the APA. See Heckler, 470 U.S. at 831-32.

    **B.**    **Plaintiff's Due Process Claim**

The Fifth Amendment to the United States Constitution states that "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. To establish a protected property interest, a plaintiff must allege a "legitimate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

claim of entitlement," and not just a "unilateral expectation." E.g., Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

Plaintiff alleges that defendant SBA denied her due process of law by electing to "process the plaintiff's loan for guaranty purchase" and by failing to "review that decision in a timely manner." Compl. Req. Relief A. She further argues that her eligibility for federal assistance is her property, and that she will be "perpetually denied [f]ederal assistance if the need arises" because of defendant SBA's decision to purchase plaintiff's loan. Pl. Opp. Mot. Dismiss 9.

The Court finds that plaintiff has not alleged a cognizable property interest that would serve as a basis for a claim under the Due Process Clause. Plaintiff's allegation that she may not be able to receive federal assistance in the future is not based on "rules or mutually explicit understandings that support [a] claim of entitlement to the benefit." Perry v. Sinderman, 408 U.S. 593, 601 (1972). Rather, plaintiff's allegation of property interest in eligibility for future federal benefits is a "unilateral expectation" unsupported by a governmental promise to confer such benefits. See Roth, 408 U.S. at 477.

### C. Plaintiff's Claim for Injunctive Relief

Plaintiff requests that the Court "enjoin the SBA to assist" plaintiff in obtaining review of her loan default. Compl. Req. Relief. The Court lacks jurisdiction over such a claim, because defendant SBA, as an agency of the federal government, has not waived its sovereign immunity with respect to claims for injunctive relief. 15 U.S.C. § 634(b)(1)(stating that "no attachment, injunction, garnishment, or similar process . . . shall be issued against the Administrator").

### D. Other Alleged Bases for Subject Matter Jurisdiction

Plaintiff alleges three other bases for this Court's asserting subject matter jurisdiction over her claims. First, plaintiff alleges that this Court has jurisdiction under 18 U.S.C. § 1031, which sets forth the penalty for "execut[ing] or attempt[ing] to execute" a scheme to defraud the United States or obtain federal assistance by means of "false or fraudulent pretenses."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

  This statute does not provide subject matter jurisdiction because it does not create a private right of action. In most cases, a reliable test for the existence of federal subject matter jurisdiction is whether federal law creates the cause of action. 13D Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §3562 (3d ed. 2013)("Many, indeed probably most, cases are consistent with this mechanical prescription."). And, while plaintiff correctly states that courts have occasionally implied a private right of action under a statute where none exists explicitly in the statutory text, Pl. Opp. Mot. Dismiss 10-13, there is no reasoned basis for this Court to imply such a right in this case, see Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994)(noting that the Supreme Court has been "quite reluctant to infer a private right of action from a criminal prohibition alone").

  Second, plaintiff alleges that this Court has jurisdiction under the federal regulations setting forth the guidelines for defendant SBA's administration of business loans, 13 C.F.R. pt. 120, and the regulations setting forth defendant SBA's enforcement powers in instances of fraud, id. pt. 142. Compl. ¶¶ 1-2; Pl. Opp. Mot. Dismiss 10-13. Like the criminal statute discussed above, these regulations do not provide subject matter jurisdiction because they do not provide a private right of action, and the Court cannot discern a proper basis for implying such a right based on an examination of the underlying statute, 15 U.S.C. ch. 14A. See Alexander v. Sandoval, 532 U.S. 275, 291 (2001)(stating that "it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress").

  Third, plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 2201, which authorizes the federal courts to issue declaratory judgments "[i]n a case of actual controversy within its jurisdiction." Compl. ¶¶ 1, 35-39. This statute, however, is a remedial statute that relies on the existence of subject matter jurisdiction from an independent source, and does not confer such jurisdiction on its own. E.g., Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 916 (9th Cir. 1979).

**V. CONCLUSION**

  Based on the foregoing, the Court hereby GRANTS defendant SBA's motion to dismiss without prejudice. The Court further DECLINES to exercise supplemental jurisdiction over plaintiff's remaining claims against defendant BBCN. See 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10992 (CAS) (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | LAURA MOLINA V. BBCN BANK AS SUCCESSOR FOR INNOVATIVE BANK, ET AL. | | |

1367(c)(3)(stating that district courts may decline to exercise supplemental jurisdiction over a claim if the court has "dismissed all claims over which it has original jurisdiction").  Accordingly, the Court hereby GRANTS defendant BBCN's motion to dismiss without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |